**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | : | |
| v. | : | C.A. No. 05-130T |
| COSTANTINI BROS. TRANSPORT, INCORPORATED, Defendant. | : | |

**PLAINTIFFS' MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiffs move this Honorable Court for an order compelling Defendant to provide more responsive answers to Plaintiff's Interrogatories within twenty (20) days. Plaintiffs' counsel certifies that she has in good faith conferred with Defendant's counsel in an effort to secure the answers without court action. The grounds for this motion are forth in the accompanying Memorandum of Law.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

Dated: February 10, 2006

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be sent first-class mail, postage prepaid on this 13 day of February, 2006, to the following party of record:

Gregory Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director,<br>Plaintiffs, | : | |
| v. | : | C.A. No. 05-130T |
| COSTANTINI BROS. TRANSPORT, INCORPORATED,<br>Defendant. | : | |

**PLAINTIFFS' MEMORANDUM**
**IN SUPPORT OF MOTION TO COMPEL**
**MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Plaintiffs move this Honorable Court for an order compelling Defendant to provide more responsive answers to Plaintiff's Interrogatories within twenty (20) days. The arguments in support of this motion are set out after each interrogatory and answer.

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. seeking enforcement of Defendant's obligations under a collective bargaining agreement ("CBA") with Teamsters Local 251 ("the Union") to make contributions to the Teamsters Local 251 Health Services and Insurance Plan ("Fund"), an employee benefit plan within the meaning of Sections 3(1) and 3(2) of ERISA, 29 U.S.C. §1002(1)&(2). Upon information and belief, for the period of November 2002 through the present, Defendant has submitted no contributions to the Fund on behalf of employees and/or subcontractors who have performed covered work under the CBA. In the following requests, Plaintiffs seek answers that would allow it to determine 1) which employees and/or subcontractors performed covered work and 2) the

amount of contributions owed. Plaintiffs' Interrogatories are attached hereto as Exhibit 1. Defendant's Answers are attached hereto as Exhibit 2.

**INTERROGATORY NO. 3:**

For each of the above persons, please state whether they ever performed covered work (as defined in section I(8), above), for the Company and the dates and hours spent performing covered work for the Company during the applicable period.

**ANSWER:**

I am unclear as to what is meant by the term covered work. Cosbro and CJ Trucking were companies hired as set forth in Answer 2. I do not believe that either company was covered under Article 2 of the contract. Also, some work performed was for private companies and did not involve federally funded highway construction projects.

**ARGUMENT:**

Plaintiffs defined "covered work" in the definitional section of the Interrogatories as "the work referred to in Article II of the collective bargaining agreement." See I(8). Article II of the CBA lists numerous types of work. See Exhibit 3, attached. Plaintiffs simply seek to determine which of Defendant's subcontractors were performing the type of work listed in Article II of the CBA.

Defendant's answer indicates that it does not consider the work performed by its subcontractors "covered work." However, Plaintiffs seek to determine only whether the *type* of work the subcontractors performed is the type of work covered under the CBA. To the extent that the interrogatory is ambiguous, Plaintiffs' counsel has clarified what they seek in a February 8, 2006 letter to Defendant's attorney.

**INTERROGATORY NO. 4:**

If any of the work performed for the company by the persons listed in Interrogatory 2 was not covered work, state particularly and in detail why the work is not covered work.

**ANSWER:**

See answer to Interrogatory No. 3.

**ARGUMENT:**

Because the answer to Interrogatory No. 3 is insufficient, Defendant's answer to No. 4 is likewise insufficient.

**INTERROGATORY NO. 4:**

Identify each person that performed services for the company for the applicable period. For each person, list his/her/its address, describe the services provided and the dates and hours spent performing services for the company during the applicable period.

**ANSWER:**

See Answer to Interrogatory No. 2 above.

**ARGUMENT:**

Defendant's answer to Interrogatory No. 2 does not provide the dates and hours spent performing services for the company. See Exhibit 2. Moreover, Defendant only identifies the names of the companies it subcontracted out to. It does not provide the name, type of work and hours of the subcontractors that actually provided services for it (i.e. the individuals driving the vehicles).

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax (401)294-4702

Dated: February 10, 2006

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be sent first-class mail, postage prepaid on this 13 day of February, 2006, to the following party of record:

Gregory Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920