UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director, Plaintiffs, | |
| v. | C.A. No. 05-130T |
| COSTANTINI BROS. TRANSPORT, INCORPORATED, Defendant. | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT**

Pursuant to the Federal Rules of Civil Procedure 33, Plaintiffs hereby submit the following interrogatories to Defendant.

## I. Definitions and Instructions

1. The term "Defendant," "company" or "you" as used herein refers to Costantini Bros. Transport, Incorporated.

2. The term "Plaintiffs" or "Fund" as used herein refers to Teamsters Local 251 HSIP, its trustees, Fund Manager and agents, servants, employees, and attorney.

3. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. Identify. When referring to a person or entity, "to identify" means to give, to the extent known, the person's or entity's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a

person or entity has been identified in accordance with this subparagraph, only the name of that person or entity need be listed in response to subsequent discovery requesting the identification of that person or entity.

5. Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

(a) type of document;

(b) general subject matter;

(c) date of the document; and

(d) author(s), addressee(s), and recipient(s).

6. Parties. The terms "Plaintiffs" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. Person. The term person is defined as any natural person or any business, legal, or governmental entity or association.

8. Covered Work. The term covered work is defined as the work referred to in Article II of the collective bargaining agreement.

9. Applicable Period. The applicable period is defined as the period of April 2000 to the present.

## II. <u>INTERROGATORIES</u>

1. State the full name, home address, position or title, duties and length of association or affiliation with Defendant of the person signing interrogatory answers.

2. Identify particularly and in detail what type of business the following persons (as defined in Part I paragraph 7) are currently or were formerly engaged in, the business address(es) and all current or former office locations of the persons, the type of work the persons performed for the company during the applicable period, the number of hours the person spent providing services for the company during the applicable period, and the dates the persons spent providing services for the company during the applicable period.

a. Cosbro Trucking

b. Patriot Testing

c. Bobby Angelo

d. Dave Barone

e. C.J. Trucking

f. Pavao Bros.

3. For each of the above persons, please state whether they ever performed covered work (as defined in section I(8), above) for the company and the dates and hours spent performing covered work for the company during the applicable period.

4. If any of the work performed for the company by the persons listed in Interrogatory 2 was not covered work, state particularly and in detail why the work is not covered work.

5. Identify each person that performed services for the company for the applicable period. For each person, list his/her/its address, describe the services provided and the dates and hours spent performing services for the company during the applicable period.

6. List all payments received from Cardi Corporation during the applicable period, when the payments were made and received and what services or goods were provided in exchange for the payments.

7. State whether you provided Plaintiffs or Novak Francella with any invoices concerning the persons listed in Interrogatory 2 for the applicable period. If so, state which persons and which invoices were provided and who they were provided to.

8. Describe Defendant's financial and/or business relationship to Cosbro Trucking, including but not limited to a common place of business, common employees, common officers, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

9. Identify, by name, position and address, each witness you will call to testify in this proceeding and further identify those witnesses, if any, who will be called as expert witnesses.

10. With respect to the individuals identified in your answer to Interrogatory No. 9, state the facts and, in the case of expert witnesses, the opinions to which each witness will testify.

11. Identify by sufficient description to support a request for production of documents any and all written records, recordings or documents that were used to assist you in answering these interrogatories, identifying which documents were used to answer which interrogatory.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I caused a copy of the foregoing to be sent first-class mail, postage prepaid on this 13 day of September, 2005, to the following party of record:

Gregory Piccirilli, Esq.
Sciacca & Piccirilli
121 Phenix Avenue
Cranston, RI 02920