**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

TEAMSTERS LOCAL 251 HEALTH SERVICES :
AND INSURANCE PLAN, and :
PAUL A. MACDONALD, in his official capacity :
as Executive Director :
Plaintiffs, : C.A. No. 05-130T
:
v. :
:
COSTANTINI BROS. TRANSPORT, INC. :
Defendant :

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. State the full name, home address, position or title, duties and length of association or affiliation with Defendant of the person signing interrogatory answers.

Answer: Phillip Costantini, 1511 Plainfield Pike, Johnston, Rhode Island 02919; President and Treasurer of Corporation 12 years.

2. Identify particularly and in detail what type of business the following persons (as defined in Part I paragraph 7) are currently or were formerly engaged in, the business address(es) and all current or former office locations of the persons, the type of work the persons performed for the company during the applicable period, the number of hours the person spent providing services for the company during the applicable period, and the dates the persons spent providing services for the company during the applicable period.

a. Castro Trucking

b. Patriot Testing

c. Bobby Angelo

d. Dave Barone

e. C.J. Trucking

f. Pavao Bros.

Answer: a. Cosbro Trucking, Inc., 115 Royal Avenue, Cranston, Rhode Island, formerly 12 Fortini Street, Cranston, Rhode Island; Cosbro Trucking, Inc. is a construction company that does private jobs and rents trucks form Costantini Bros. if they are available.

b. Patriot Testing Services, Inc., P. O. Box 540645, Waltham, Massachussets 02454 this is the company Costantini Bros. uses for random drug and alcohol testing which was established after being audited in 1999 by the Federal Motor Carrier Corporation.

c. Bobby St. Angelo, owner of R.F. S. Trucking, Co.; 1072 Central Avenue, Johnston, Rhode Island 02919 sold to Costantini Bros. in August 2003 and October 2003 used tires.

d. David Barone, Atwood Avenue, Johnston, Rhode Island 02919, independent truck driver who was hired to clean, polish and maintenance to equipment in 2003. Reason he could not drive equipment was due to his substance abuse problem. He was let go from Cardi Corp. because of that problem.

e. C. J. Trucking, 10 Park View Drive, Johnston, Rhode Island 02919; owner operator hired by Costantini Bros. on a Quonset Point job in April and May of 2004.

f. Pavao Bros., P.O. Box 908, 8 Evans Road, Greenville, Rhode Island 02828; is a welding company who performed welding jobs to our dump trucks and plows in preparation of the snow weather in 2004.

3. For each of the above persons, please state whether they ever performed covered work (as defined in section I(8), above for the company and the dates and hours spent performing covered work for the company during the applicable period.

Answer: I am unclear as to what is meant by the term covered work. Cosbro and CJ

Trucking were companies hired as set forth in Answer 2. I do not believe that either company was covered under Article 2 of the contract. Also, some work performed was for private companies and did not involve federally funded highway construction projects.

4. If any of the work performed for the company by the persons listed in Interrogatory 2 was not covered work, state particularly and in detail why the work is not covered work.

Answer: See answer to Interrogatory No. 3.

5. Identify each person that performed services for the company for the applicable period. For each person, list his/her/its address, describe the services provided and the dates and hours spend performing services for the company during the applicable period.

Answer: See Answer to Interrogatory No. 2 above.

6. List all payments received from Cardi Corporation during the applicable period, when the payments were made and received and what services or goods were provided in exchange for the payments.

Answer: Cardi Corporation payments received for 2003 and 2004; attached to response to Request for Production of Documents. Not attached

7. State whether you provided Plaintiffs or Novak Francella with any invoices concerning the persons listed in Interrogatory 2 for the applicable period. If so, state which persons and which invoices were provided and who they were provided to.

Answer: Richard A. Romagnoli from Novak/Francella (CPAs) who was auditing Costantini Bros. Transport from the period January 1, 2000 to June 28, 2004 (audit was performed on July 26, 2004). Richard Romagnoli request before leaving the audit on July 26, 2004 the following paperwork, which he stated could be faxed to him - 2003 W2's, W3's and 941 and 2000 all time sheets, weekly wage sheets, which was sent to him accordingly. We never

received the letter he claims to have sent on August 19, 2004.

8. Describe Defendant's financial and/or business relationship to Cosbro Trucking, including but not limited to a common place of business, common employees, common officers, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

Answer: (a) Cosbro Trucking is a construction company that Costantini Bros. rents trucks to for jobs when the equipment is available; (b) Cosbro Trucking in 2003 had a business address of 115 Royal Avenue, Cranston, Rhode Island, 2004 and up to the present has current address of 2077 ½ Plainfield Pike, Johnston, Rhode Island 02919; (c) there are no common employees; (d) there are no common officers between Cosbro Trucking and Costantini Bros.; (e) there is no common payroll service; (f) the bookkeeper for Cosbro Trucking is Diane Parrillo; (g) no common bank accounts; (h) separate phone numbers; (i) fax number is shared in the commercial office space rented by both Costantini Bros and Cosbro Trucking.

9. Identify, by name, position and address, each witness you will call to testify in this proceeding and further identify those witnesses, if any, who will be called as expert witnesses.

Answer: No witnesses at this time.

10. With respect to the individuals identified in your answer to Interrogatory No.9, state the facts and, in the case of expert witnesses, the opinions to which each witness will testify.

Answer: See response to Interrogatory No. 9.

11. Identify by sufficient description to support a request for production of documents any and all written records, recordings or documents that were used to assist you in answering these interrogatories, identifying which documents were used to answer which interrogatory.

Answer: Documents use to answer these questions are records of Costantini Bros. Transport, Inc., which were attached to Request for Production of Documents.

COSTANTINI BROS. TRANSPORT, INC.

By: ______________________
PHILIP COSTANTINI

Subscribed and sworn to before me this 2nd day of November, 2005.

______________________
Notary Public
Printed Name: JOSEPH A. SCIACCA
My Commission Expires: 6-6-09

**CERTIFICATION**

I hereby certify that on the 3rd day of November, 2005, a copy of the within Answers to Interrogatories were ~~mailed postage prepaid~~ to Elizabeth Wiens, Esquire, Gursky Law Associates, 420 Scrabbletown Road, Suite C, North Kingstown, RI 02852.

______________________